**EVANS LAW FIRM, INC.**
INGRID M. EVANS (State Bar No. 179094)
3053 Fillmore Street, #236
San Francisco, CA 94123
Telephone: 415.441.8669
Facsimile: 888.891.4906
E-mail: ingrid@evanslaw.com

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
ANDREW S. FRIEDMAN (*pro hac vice*)
FRANCIS J. BALINT, JR. (*pro hac vice*)
2325 E. Camelback Road, Suite 300, Phoenix, AZ 85016
Telephone: 602.274.1100
Facsimile: 602.274.1199
E-mail: afriedman@bffb.com, fbalint@bffb.com

*Attorneys for Plaintiffs and the Putative Class*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL M. DAVIS, individually and as trustee/settlor/grantor of the PAUL M. DAVIS REVOCABLE TRUST OF 2011, Mireya Ocon, by and through Power of Attorney Valeska Cosci, and on behalf of the putative class,<br><br>Plaintiffs,<br><br>vs.<br><br>RIVERSOURCE LIFE INSURANCE COMPANY, a Minnesota corporation, AMERIPRISE FINANCIAL SERVICES, INC., a Delaware corporation,<br><br>Defendants. | Case No.  4:16-CV-02801-JSW<br><br>**CLASS ACTION**<br><br>**THIRD  AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violations of Cal. Bus. & Prof. Code §17200 *et seq.***<br>2. **Violations of Financial Elder Abuse, Welf. & Inst. Code §15600 *et seq.***<br><br>**DEMAND FOR JURY TRIAL**<br><br>Action Filed:  May 24, 2016<br>Trial Date:    Not set |

*Vertical left margin text:* EVANS LAW FIRM, INC.

- 1 -

For a Third Amended Complaint Plaintiff alleges against Defendants, and each of them jointly and severally:

Plaintiffs  Paul M. Davis ("Mr. Davis"), individually and as trustee/settlor/grantor of the Paul M. Davis Revocable Trust of 2011 and Mireya Ocon, by and through Power of Attorney Valeska Cosci, (collectively, "Plaintiffs") bring this class action complaint against RiverSource Life Insurance Company ("RiverSource") and Ameriprise Financial Services, Inc. ("Ameriprise") (collectively, "Defendants") on behalf of themselves and all other similarly-situated persons.  Upon information and belief, as well as the investigation of counsel, Plaintiffs allege as follows:

## INTRODUCTION

1.      Plaintiffs bring this California state-wide class action on behalf of himself/herself and other similarly-situated consumers to halt and remedy the harm caused by Defendants' systematic and unlawful sales practices in connection with the marketing, sale, and servicing of deferred annuity policies[1] to senior citizen purchasers in California.  Defendants formulated and implemented an unlawful practice of systematically selling deferred annuities without properly disclosing surrender penalties to and systematically collecting surrender penalties from California purchasers of deferred annuities.

2.      Defendants' unlawful plan is to sell deferred annuity policies that do not conform to the requirements of California law, then collect surrender penalties that were not disclosed as is required by California law.  Defendants have standard, uniform contracts that their sales agents are required to use, none of which contain the disclosures required by California law.

3.      Plaintiffs bring this class action on behalf of himself/herself and all other persons over the age of 60 (or their beneficiaries set forth in the annuity policy, if none, then their estate, if the owner

---

[1] The term "deferred annuities" means and refers to all types of deferred annuities (including fixed deferred annuities, equity-indexed deferred annuities, and variable deferred annuities).  Immediate annuities (where annuitization payments begin immediately after the purchase of the annuity) are not part of this lawsuit.

EVANS LAW FIRM, INC.

of the policy is deceased) who were issued one or more RiverSource and/or Ameriprise deferred annuity policies in the State of California, or who, within the applicable statute of limitations, purchased or surrendered one or more RiverSource and/or Ameriprise deferred annuity policies.

4.     Defendants' deferred annuity sales practices described herein violate Cal. Bus. & Prof. Code §§ 17200, *et seq* because the sales practices are unlawful.  Cal. Bus. & Prof. Code §§ 17200, *et seq* are remedial statutes designed to protect consumers from predatory and unlawful business practices. Through this action, Plaintiffs do not assert any claims based on fraud, nor does he or she ground any of his/her current claims on fraud at the present time.

5.     This action seeks to, among other things, enjoin Defendants from engaging in their unlawful practices, including the collection of surrender penalties that were not disclosed or properly disclosed as required by California law, and to enjoin the collection of surrender charges or penalties. It also seeks to compensate the victims of Defendants' unlawful practices and penalize Defendants for those practices.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. The amount in controversy exceeds $75,000 for Plaintiffs, exclusive of costs and interest. Furthermore, the aggregate amount in controversy for this class action exceeds $5,000,000, and at least one member of the proposed Class (including Plaintiffs) are citizens of a State different from Defendant.  See Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

7.     Plaintiffs file this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P.").  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Each of the Defendants is a foreign corporation registered with the California Secretary of State to do business in California and each of the Defendants does transact business in California.

EVANS LAW FIRM, INC.

8.     Pursuant to L.R. 3-2(d), venue properly lies in the San Francisco Division or the Oakland Division of this Court.

## PARTIES

9.     At all relevant times herein, Plaintiff Paul M. Davis was over the age of 65 years and a resident of the County of San Mateo, California, and is an "elder" within the meaning of California Welfare and Institutions Code §15610.27.

10.     At all relevant times herein, Plaintiff was and still is the sole trustee, settlor and grantor of the PAUL M. DAVIS REVOCABLE TRUST OF 2011 ("the Trust"). At all such times Plaintiff was, and he still is, the sole direct, non-contingent beneficiary of the Trust, and all such times Plaintiff had, and he still does have, the sole and absolute power to terminate the trust at any time and retain for himself/herself all the proceeds therefrom.

11.     At all relevant times herein, Plaintiff Mireya Ocon was over the age of 65 years and a resident of the County of Ventura, California, and is an "elder" within the meaning of California Welfare and Institutions Code §15610.27.

12.     At all relevant times herein, Plaintiff Ocon was the owner and annuitant of variable annuity policy issued April 16, 2016 with initial premiums in the amount of $216,511.00 that was rolled over from an individual retirement account.

13.     Defendant RiverSource is a Minnesota corporation headquartered in Minneapolis, Minnesota that is licensed to transact insurance in California and does transact insurance business in California. RiverSource offers life insurance and annuities to California residents and to persons outside of California as well. Defendant Ameriprise is a Delaware corporation headquartered in Minneapolis, Minnesota, that is licensed by the California Department of Insurance to sell insurance, including annuity policies issued by RiverSource. Defendants are registered with California's Secretary of State as foreign corporations licensed to do business in California.

14.     At all times mentioned in each of the causes of action alleged herein, each and every Defendant was an agent of each and all of the other Defendants. In doing the things alleged in the

EVANS LAW FIRM, INC.

- 4 -

1   causes of action stated herein, each and every Defendant was acting within the course and scope of this
2   agency and was acting with the consent, permission and authorization of the other Defendant.  All
3   actions of each Defendant, as alleged in the causes of action stated herein, were ratified and approved
4   by the other Defendant through its officers or managing agents.

5       15.     Whenever reference in this Complaint is made to any act of any Defendant named herein
6   or other corporate defendants as may be named in the future course of this action, such allegation shall
7   be deemed to mean that the officers, directors, agents, subsidiaries, affiliates and employees of said
8   Defendant did or authorized such act while actively engaged in the management, direction, or control of
9   affairs of the corporate Defendant, and while acting within the course and scope of their employment.

10                              **FACTUAL ALLEGATIONS**

11      • **Deferred Annuity Policies**

12      16.     An annuity is a written contract between an annuitant and an insurance company
13   pursuant to which the annuitant makes an upfront lump-sum payment or a series of payments to the
14   insurance company.  The insurance company, in turn, agrees to make payments to the annuitant over a
15   period of time.  With a standard or "immediate" annuity, the consumer has a right to a stream of
16   income via payments from the insurance company that is usually guaranteed to last for as long as the
17   consumer is alive.

18      17.     With a deferred annuity, the annuitant foregoes payment until some point in the future.
19   During this deferral period, the earnings on the annuitant's premium payments grow, tax-deferred.
20   Thus, deferred annuities are very different from immediate annuities and provide a long-term
21   investment vehicle, not an immediate income stream and effectively lock up the purchaser's money for
22   lengthy periods, typically up to 10 years or more.  The annuities at issue in this Complaint are deferred
23   annuities.

24      18.     There are at least three kinds of deferred annuities: a "fixed" deferred annuity, an
25   "equity indexed" deferred annuity, and a "variable" deferred annuity:

26

27

EVANS LAW FIRM, INC.

a. A "fixed" annuity is an annuity in which the insurance company offers a guaranteed interest rate for a set period of time on the annuitant's premium payments.

b. An "equity indexed" annuity is an annuity in which the rate of interest the company provides to the policyholder fluctuates depending upon the performance of a stock market index, such as the S&P 500.

c. A "variable" annuity is an annuity in which the rate at which the annuitant's premium payments grows or shrinks is based directly on the performance of securities. Typically, the customer will have the option to select which security or securities the premium payments will linked to.

19. With a deferred annuity, the annuitant cannot withdraw their investment or the earned interest without financial disadvantage or penalty for a number of years after the initial payment of the premium. The penalty for early withdrawal of either the principal or earnings is called a "surrender charge." The percentage of the surrender charge, which typically start as high as 9-10%, declines over time for a specified number of years. The surrender charge is often a hefty penalty to discourage early withdrawal of principal from an annuity. As a result, the terms of deferred annuities severely limit consumers' access to their funds until the insurance company has fully recouped its high agent commission payments.

20. Under California Insurance Code § 1631, only licensed insurance agents may solicit, offer and sell deferred annuities in the State of California.

- **Defendants' Marketing and Sale of Deferred Annuity Policies**

21. Defendants market and sell deferred annuity products primarily through their network of third-party and/or employed individual sales agents, marketing organizations, and/or brokerage firms.

22. Defendants utilize standardized deferred annuity contracts. Defendants' standardized contracts systematically fail to provide the required disclosure of surrender penalties that Defendants will later collect from their customers who surrender during the surrender period.

EVANS LAW FIRM, INC.

1    • **California Laws Requiring Disclosure in Deferred Annuity Contracts**

2    23.    Abuses in the sale of Policies to senior citizens have long been an issue of public

3    concern.  Among other statutes, the California Legislature has enacted Cal. Ins. Code sections 10127.10

4    and 10127.13 to curtail abuses.   These statutes have the remedial purpose to protect vulnerable seniors

5    through mandatory language stated clearly in bold, 12-point font.  *See Rand v. American Nat'l Ins. Co.*,

6    717 F.Supp.2d 948, 956 (N.D. Cal. 2010). As set forth below, Defendants have systematically violated

7    both of these statutes in selling deferred annuities to California seniors.

8    24.    Section 10127.10 requires deferred annuity policies delivered or issued for delivery to

9    consumers who are 60 years of age or older to provide a 30-day "free look" period, during which time

10   the Senior can return the policy for a full refund of premiums.  Cal. Ins. Code section 10127.10

11   additionally requires notice of the free-look period to be given "on the cover page or policy jacket in

12   12-point bold print with one inch of space on all sides or printed on a sticker that is affixed to the cover

13   page of the policy jacket" as follows:

14

15                              **IMPORTANT**

16   **YOU  HAVE  PURCHASED  A  LIFE  INSURANCE  POLICY  OR  ANNUITY  CONTRACT.**

17              **CAREFULLY  REVIEW  IT  FOR  LIMITATIONS.**

18

19   **THIS  POLICY  MAY  BE  RETURNED  WITHIN  30  DAYS  FROM  THE  DATE  YOU  RECEIVED**

20      **IT  FOR  A  FULL  REFUND  BY  RETURNING  IT  TO  THE  INSURANCE  COMPANY  OR**

21      **AGENT  WHO  SOLD  YOU  THIS  POLICY.  AFTER  30  DAYS,  CANCELLATION  MAY**

22        **RESULT  IN  A  SUBSTANTIAL  PENALTY,  KNOWN  AS  A  SURRENDER  CHARGE.**

23

24   25.    Section 10127.13 California Insurance Code requires insurers selling life insurance or

25   annuity policies for consumers who are 60 years of age or older to "…either disclose the surrender

26   period and all associated penalties in bold 12-point print on the covers sheet of the policy or disclose

27

EVANS LAW FIRM, INC.

the location of the surrender information in bold 12-point print on the cover page of the policy, or printed on a sticker that is affixed to the cover page or policy jacket." The specific disclosure required by Cal. Ins. Code § 10127.13, in the location and format required by Cal. Ins. Code § 10127.13, is additional to the requirement that policy must contain a full and accurate statement of the surrender penalties. Section 10127.13 requires the cover page to disclose or jacket to set forth all of the penalties in full, or to "disclose the location of the surrender information" with particularity.

26.    Defendants' business practices that violate Cal. Ins. Code §§ 10127.10 or 10127.13 are "unlawful" business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiffs do not assert any claims based on fraud. Nor do Plaintiffs base any of his/her claims on allegations that Defendants' conduct was fraudulent.

27.    Violations of Cal. Ins. Code §§ 10127.10, 10127.13, and 17200, *et seq.* when directed at California elders, constitute financial elder abuse under California Welfare and Institutions Code §§ 15657.5, *et seq.*, as defined in California Welfare and Institutions Code § 15610.30. California Welfare and Institutions Code §15610.30(a) provides in relevant part:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1)    Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use . . . .
>
> (2)    Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use . . . .

## PLAINTIFFS' TRANSACTIONS

### A. Paul Davis individually and as trustee/settlor/grantor of the Paul M. Davis Revocable Trust of 2011

28.    During December 2013 through February 2014, Plaintiff Davis became victim of Defendants' unlawful business practices when Plaintiff Davis was solicited by Defendants' licensed agent to purchase deferred annuity contracts for and delivered to Plaintiff in Marin County, California.

EVANS LAW FIRM, INC.

1   Individually and as the trustee/settlor/grantor of the Trust, Davis agreed to purchase, and indeed

2   purchased from Defendants, six deferred annuity policies for Plaintiff Davis issued by RiverSource for

3   $500,000 each, policy numbers ▮▮▮▮1114, ▮▮▮▮2353, ▮▮▮▮7321, ▮▮▮▮7325, ▮▮

4   ▮7330, and ▮▮▮▮7335.  Plaintiff Davis funded all six policies through payments made to

5   Defendants by the Trust.  For all six policies, Plaintiff Davis is the annuitant.  When he withdrew

6   needed funds from one of the six annuity policies, Plaintiff Davis on or about May 25, 2016, incurred a

7   surrender charge of $303.99, as memorialized by Defendants' confirmation (a true and accurate copy of

8   which is attached as Exhibit 1).

9        29.     As is customary and in many cases the custom and practice in the insurance industry,

10   Defendants did not provide Plaintiff Davis with copies of the annuity contracts prior to or at time of the

11   sales solicitation, when he made the decision to purchase the annuities or when he signed the necessary

12   applications.  Rather, copies of the annuity contracts were sent to Davis only after Defendants issued

13   the annuity contracts.

14        30.     Plaintiff Davis reviewed the annuity contracts when he later received them, to verify that

15   his personal information and the face amount was correctly stated in the contracts.  Plaintiff Davis did

16   not see any disclosures relating to penalties or surrender charges on the cover sheet, cover page or

17   jacket of the policies.  Had Plaintiff Davis been made aware of the surrender charges before deciding to

18   purchase the annuities he would not have entered into the annuity contracts.  Furthermore, had the

19   surrender charges been properly disclosed on the cover sheet, cover page or jacket of the policies and

20   had Davis learned of the surrender charges after receiving the policies, but within the thirty days "free

21   look" period required by law, he would have timely canceled or rescinded the annuity contracts.  As a

22   result of Defendants' failure to disclose the surrender charges as required by law, Plaintiff Davis

23   incurred damages in the form of (a) loss of access to his funds, because other than for a modest annual

24   "total free amount" the annuity account values may not be withdrawn and accessed without incurring

25   surrender charges, and (b) surrender charges Plaintiff in fact incurred when he withdrew money from

26   the annuities contracts.  By reason of Defendants' failure to disclose material information to Plaintiffs

27

EVANS LAW FIRM, INC.

1   in the manner and within the time prescribed by law, Plaintiff Davis has suffered damages, in an

2   amount to be quantified at trial, that would not have been suffered had Defendants complied with the

3   law.

4       31.    At no time did Defendants, in their deferred annuity contracts, provide a 30-day "free

5   look" period to California seniors.  The contracts provide only for a 10-day free look period.

6       32.    At no time did Defendants, in their deferred annuity contracts, disclose the surrender

7   information to California seniors, in the manner required by Cal Ins. Code § 10127.13.

8       B.  **B. Mireya Ocon, by and through Power of Attorney Valeska Cosci**

9       33.    Plaintiff Ocon became victim of Defendants' unlawful business practices when Plaintiff

10   Ocon was solicited by Defendants' licensed agent to purchase a deferred annuity contract delivered to

11   Plaintiff in Ventura County, California.  Ocon purchased a variable deferred annuity policy issued by

12   RiverSource for $216,511.00, policy number 9920-3892735.  Plaintiff Ocon funded the policy through

13   payments made from her individual retirement account.  Plaintiff Ocon is the annuitant.

14       34.    As is customary in the insurance industry, Defendants did not provide Plaintiff Ocon

15   with copies of the annuity contract prior to or at time she made the decision to purchase the annuity or

16   signed the necessary applications.  Rather, a copy of the annuity contract was sent to Ocon only after

17   Defendants issued the annuity contract.

18       35.    Upon receipt of the annuity contract, Plaintiff Ocon attempted to review the annuity

19   contract. Plaintiff Ocon did not see any disclosures relating to penalties or surrender charges on the

20   cover sheet, cover page or jacket of the policies.  The disclosures regarding the surrender charges on

21   Defendants' deferred annuity contract did not satisfy the requirements of Cal Ins. Code § 10127.13.

22       36.    Had Plaintiff Ocon been made aware of the surrender charges before deciding to

23   purchase the annuities she would not have entered into the annuity contract. As a result of Defendants'

24   failure to disclose the surrender charges as required by law, Plaintiff lost money and incurred damages

25   in the form of (a) loss of access to her funds, because other than for a modest annual "total free

26   amount" the annuity account values may not be withdrawn and accessed without incurring surrender

27

EVANS LAW FIRM, INC.

charges, and (b) surrender charges Plaintiffs in fact incurred when she withdrew money from the annuities contracts. By reason of Defendants' failure to disclose material information to Plaintiff Ocon in the manner and within the time prescribed by law, Plaintiff has suffered damages, in an amount to be quantified at trial, that would not have been suffered had Defendants complied with the law.

37.   Plaintiff withdrew funds from her RiverSource annuity on multiple occasions and incurred surrender charges estimated in excess of $20,000. Plaintiff Ocon was unaware of these surrender charges until on or around March 2017.

38.   At no time did Defendants, in their deferred annuity contracts, disclose the surrender information to California seniors, in the manner required by Cal Ins. Code § 10127.13.

## DISCOVERY RULE AND EQUITABLE TOLLING

39.   Plaintiffs and other Class members did not know and could not reasonably have known through reasonable diligence, of Defendants' unlawful business practices and could not have reasonably discovered the omissions or non-disclosures of their deferred annuity contracts until shortly before the filing of their initial Complaint.

40.   To this day, Defendants continue to omit the statutorily-required warnings and continue to collect surrender charges in violation of the law. Throughout this time period, Defendants failed to disclose their violations of the law to Plaintiffs and/or Class members, who had no reasons to be aware of the violations. Although Defendants' initial decisions to engage in these practices were made some time ago, Defendants have continued, and indeed continue, with their unlawful business practices.

41.   Defendants have uniformly trained their agents and other representatives to use standard contracts that omit the statutorily-required warnings. Defendants did not provide the statutorily-required warnings in any contracts delivered to Plaintiffs or the Class.

42.   As a result of the foregoing, Plaintiffs and the Class could not reasonably discover the unlawful and anti-competitive practices and did not do so until just recently. For the reasons alleged above, the vast majority of Class members still do not know that they have been and continue to be injured by Defendants' conduct.

EVANS LAW FIRM, INC.

1    43.    Defendants' conduct is continuing in nature. There is a substantial nexus between the

2    current unlawful conduct and the misconduct prior to that time. The acts involve the same type of

3    illicit practices and are recurring, continuous events.

4    44.    The statute of limitations applicable to any claims that Plaintiffs or other Class members

5    have brought or could bring as a result of the conduct alleged herein has been tolled as a result, since

6    Plaintiffs and the Class did not and could not have discovered their causes of action until recently,

7    thereby tolling any applicable statute of limitations.

8    **CLASS ACTION ALLEGATIONS**

9    45.    Plaintiffs brings this action individually and on behalf of all persons as the Court may

10   determine to be appropriate for class certification treatment, pursuant to Federal Rules of Civil

11   Procedure Rules 23(a) and 23(b). Plaintiffs asserts class and representative claims against each

12   Defendant under California Business & Professions Code §§17203 and 17204 and California Welfare

13   and Institutions Code § 15657.5 *et seq*. Plaintiffs seeks to represent California classes with regard to all

14   claims. The proposed California Classes are defined as follows:

15   Section 10127 Disclosure Class:

16   All persons who were issued a RiverSource or Ameriprise deferred annuity

17   policy when they were 60 years old or older while residing in the State of

18   California (or, if deceased, the person or estate to whom death benefits were paid

19   for which any surrender charge or penalty was assessed); and

20   Financial Elder Abuse Class:

21   All persons who were issued a RiverSource or Ameriprise deferred annuity

22   policy while they were 65 years old or older while residing in the State of

23   California (or, if deceased, the person or estate to whom death benefits were paid

24   for which any surrender charge or penalty was assesses) (collectively "the Class"

25   or "Class members").

26

27

THIRD AMENDED CLASS ACTION COMPLAINT

EVANS LAW FIRM, INC.

46.    Excluded from the Class are Defendants and their parents, affiliates, predecessors, successors, officers, directors, agents, servants, or employees, and the immediate family members of such persons.  Also excluded is any trial judge who may preside over this action.

47.    The members of the Class are so numerous that joinder of all members would be impracticable.  Plaintiffs reasonably estimate that the Class members number into the thousands or even tens of thousands.  The precise number of Class members and their addresses are unknown to Plaintiffs, but can be ascertained through appropriate discovery of Defendants' records.  Class members may be notified of the pendency of this action by publication and/or other notice.

48.    There is a well-defined community of interest in the relevant questions of law and fact affecting putative Class members.  Common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to the following:

a.    Whether Defendants gave proper notice, or failed to give proper notice, of the 30-day free look period to California seniors as required by Cal. Ins. Code § 10127.10;

b.    Whether Defendants gave proper notice, or failed to give proper notice, of the surrender information to California seniors as required by Cal. Ins. Code § 10127.13;

c.    Whether Defendants' violation of Cal. Ins. Code §§ 10127.10 and 10127.13 constitute unlawful business practices in violation of Bus. & Prof. Code § 17200;

d.    Whether Defendants committed elder abuse as defined in Welf. & Inst. Code §15600 *et seq.*;

e.    Whether Defendants have been unjustly enriched at the expense of the Class;

f.    Whether Plaintiffs and members of the Class have sustained damages;

g.    Whether Plaintiffs and the Class are entitled to damages; and

h.    Whether Plaintiffs and the Class are entitled to injunctive, declaratory and/or other relief.

49.     Plaintiffs' claims are typical of those of the absent Class members.  If brought and prosecuted individually, the claims of each Class member would require proof of many of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

50.     The claims of Plaintiffs and other Class members have a common origin and share a common basis.  The claims originate from the same unlawful conduct by Defendants.

51.     Plaintiffs' claims are sufficiently aligned with the interests of the absent members of the Class to ensure that the Class claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class.

52.     Plaintiffs will fairly and adequately protect the interests of the Class and have no interests adverse to or that directly and irrevocably conflict with the interests of other Class Members.

53.     Plaintiffs is willing and prepared to serve the Court and proposed Class in a representative capacity with all of the obligations and duties material thereto.

54.     Plaintiffs has retained the services of counsel, identified below, who are experienced in complex class-action litigation and, in particular, class actions involving insurance matters, who will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent Plaintiffs and all absent Class members.

55.     Class certification is appropriate under F.R.C. P. 23(b)(1), in that the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the parties opposing the Class.  Such incompatible standards of conduct and varying adjudications on the same essential facts, proof and legal theories would also create and allow the existence of inconsistent and incompatible rights within the Class.

56.     Class certification is appropriate under F.R.C.P. Rule 23(b)(2), in that Defendants have acted or refused to act on grounds generally applicable to the Class, making final declaratory or injunctive relief appropriate.

EVANS LAW FIRM, INC.

1    57.    Class certification is appropriate under F.R.C.P. Rule 23(b)(3), in that common

2   questions of law and fact predominate over any questions affecting only individual Class Members.

3    58.    Moreover, a class action is superior to other methods for the fair and efficient

4   adjudication of the controversies raised in this Complaint because:

5    a.  individual claims by the Class Members would be impracticable as the costs of pursuit

6        would far exceed what any one Class Member has at stake;

7    b.  little individual litigation has been commenced over the controversies alleged in this

8        Complaint, and individual Class Members are unlikely to have an interest in separately

9        prosecuting and controlling individual actions;

10   c.  the concentration of litigation of these claims in one forum will achieve efficiency and

11       promote judicial economy; and

12   d.  the proposed Class action is manageable.

13   59.    Therefore, class treatment of Plaintiffs' claims is appropriate and necessary.

**COUNT I**
**Violation of California Business & Professions**
**Code §§17200 et seq.**

**(by Plaintiffs and the Class against all Defendants)**

17   60.    Plaintiffs and the Class repeat and reallege all allegations contained in the Complaint as

18  if set forth separately in this Cause of Action.

19   61.    California Business and Professions Code §17200 prohibits any "unlawful . . . business

20  act or practice." Defendant has violated California Business and Professions Code §17200's

21  prohibition against engaging in an unlawful act or practice by, *inter alia*, the following:

22   a.  by failing to provide statutorily-required notice of the 30-day "free look" period in its

23       deferred annuity contracts sold to California seniors, in violation of Cal. Ins. Code §

24       10127.10;

EVANS LAW FIRM, INC.

- 15 -

1

2

3

    b.  by failing to provide statutorily-required notice of information about the surrender charges in deferred annuity contracts sold to California seniors, in violation of Cal. Ins. Code § 10127.13; and

4

5

6

    c.  by collecting surrender penalties from Class members despite having failed to give notice of the free-look period and failing to disclose the surrender penalties as required by statute.

7

8

    62.    Plaintiffs and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this day.

9

10

11

12

13

    63.    California Business and Professions Code §17200 prohibits any "unlawful . . . business act or practice." As detailed in the preceding paragraphs, Defendant engages in a systematic practice of selling deferred annuities to Plaintiffs and the Class, in violation of state law and the fundamental policies delineated in statutory provisions. Defendants' systematic violations of the law, and systematic unlawful collection of surrender penalties, constitute unlawful business acts or practices.

14

15

16

    64.    Defendants aided and abetted on another in accomplishing the wrongful acts. In doing so, Defendants acted with an awareness of their wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct.

17

18

19

20

    65.    As a result of Defendants' practices, Plaintiffs and the Class have suffered injury-in-fact, including but not limited to, incurring financial losses, including access to needed funds, surrender fees, and penalties that were not properly disclosed as required by statute, that Plaintiffs and Class members would not otherwise have incurred.

21

22

23

    66.    Unless Defendants are enjoined from continuing to engage in and pursue the unlawful business practices described above, members of the general public residing within California will continue to be injured.

24

25

26

    67.    Pursuant to California Business and Professions Code §17203, Plaintiffs seeks an order requiring Defendant to immediately cease such acts of unlawful business practices and requiring them to return the full amount of money improperly collected – including, but not limited to, commissions

27

EVANS LAW FIRM, INC.

1   and profits from the sale of annuities, income derived from penalties and fees – to all those who have

2   paid them – plus interest and attorneys' fees.

### COUNT II
**Financial Elder Abuse, California Welfare & Institutions
Code §15600 *et seq.***

#### (by Plaintiffs and the Class against all Defendants)

6   68.   Plaintiffs and the Class repeat and reallege all allegations contained in the Complaint as

7   if set forth separately in this Cause of Action.

8   69.   Defendants' conduct constitutes financial abuse under California Welfare and

9   Institutions Code §15657.5 et seq., as defined in California Welfare and Institutions Code §15610.30.

10   Section 15610.30(a) provides in relevant part:

11   a.   "Financial abuse" of an elder or dependent adult occurs when a person or entity does

12   any of the following:

13   i.   Takes, secretes, appropriates, or retains real or personal property of an elder or

14   dependent adult to a wrongful use . . . .

15   ii.   Assists in taking, secreting, appropriating, or retaining real or personal property

16   of an elder or dependent adult to a wrongful use . . . .

17   70.   At all relevant times, Defendants took and/or assisted in the taking of property from

18   Plaintiffs and the Class for their own wrongful use, in that taking the money was unlawful.

19   71.   In taking money from Plaintiffs and the Class (in the form of premium payments and

20   surrender charges), Defendants acted with an awareness of their wrongdoing and realized that their

21   conduct would substantially assist the accomplishment of the wrongful conduct.

22   72.   Defendants aided and abetted one another in accomplishing the wrongful acts. In doing

23   so, Defendants acted with awareness of its misconduct and knew that their conduct would substantially

24   further the wrongful conduct.

25   73.   Defendants' conduct was reckless and/or oppressive within the meaning of California

26   Welfare and Institutions Code § 15657.5 *et seq.*

27

EVANS LAW FIRM, INC.

- 17 -

74.     Under California Welfare and Institutions Code §15657.5 *et seq.*, Defendants are liable for reasonable attorneys' fees and costs for investigating and litigating this claim.

75.     Under California Civil Code §3294 and California Welfare and Institutions Code §15657.05(a), Defendants are liable for punitive damages.

76.     Defendants are liable for treble damages and penalties under one or more of the following grounds, any one of which suffices under California Civil Code § 3345: (a) Defendants knew or should have known their conduct was directed to an elder; (b) Defendants' conduct caused one or more senior citizens to suffer substantial loss of property set aside for retirement or for personal or family care and maintenance; and/or (c) Defendants' conduct cause one or more senior citizens to suffer substantial loss of assets essential to the health or welfare of the senior citizen; and/or (d) one or more senior citizens within the Class are substantially more vulnerable than other members of the public to the Defendants' conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the Defendants' conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of himself/herself, the Class, and the general public, prays for judgment against Defendants, and each of them jointly and severally, as follows:

A.     An order certifying this action as a Plaintiffs class action under Rule 23 of the Federal Rules of Civil Procedure as set forth herein;

B.     For a temporary, preliminary and permanent order for injunctive relief enjoining Defendants from pursuing the unlawful practices complained of above;

C.     For a temporary, preliminary and permanent order for injunctive relief requiring Defendants to undertake an immediate public information campaign to inform members of the general public as to their prior practices and notifying the members of the proposed Class of the potential for restitutionary relief;

THIRD AMENDED CLASS ACTION COMPLAINT

1       D.     For an order requiring disgorgement and restitution of Defendants' ill-gotten gains and

2   to pay restitution to Plaintiffs, the Class, and the general public all funds acquired by means of any

3   practice declared by this Court to be unlawful;

4       E.     For compensatory, special and general damages according to proof and as the Court

5   deems just and proper;

6       F.     Assuming certification of the Class pursuant to Rule 23 of the Federal Rules of Civil

7   Procedure, for distribution of any moneys recovered on behalf of the general public, or the Class, via

8   fluid recovery or *cy pres* recovery where necessary to prevent Defendants from retaining any of the

9   profits or benefits of their wrongful conduct;

10      G.     For punitive and exemplary damages under Welf. & Inst. Code §15657(a) and Civil

11   Code §3294; and as to counts for which they are available under the applicable law in such amount as

12   the Court deems just and proper;

13      H.     For treble damages and penalties under Civil Code §3345; Bus. & Prof. Code §§6153,

14   6175.4, 6175.5 and 17206.1; and Ins. Code § 789; and as to counts for which they are available under

15   the applicable law in such amount as the Court deems just and proper;

16      I.     For double damages under Probate Code §859; and as to counts for which they are

17   available under the applicable law in such amount as the Court deems just and proper;

18      J.     For transfer of the wrongfully obtained monies and/or property under Probate Code

19   §§850-859 et seq.;

20      K.     Imposition of a constructive trust, an Order granting recessionary and injunctive relief

21   and/or such other equitable relief, including restitution, disgorgement of ill-gotten profits and an order

22   requiring Defendants to provide corrective notice to Class Members as set forth herein and as the Court

23   deems just and proper;

24      L.     An appropriate claims resolution facility to administer the relief in this case;

25

26

27

EVANS LAW FIRM, INC.

1      M.     For reasonable attorneys' fees and costs of investigation and litigation under, among

2  other statutes, C.C.P. §1021.5; Welf. & Inst. Code §§15657.05 *et seq.*, 15657.5 *et seq.*; C.C.P. §

3  2033.420/FRCP 37(c); and the common fund doctrine;

4      N.     For costs of lawsuit, pre-judgment, and post-judgment interest; and

5      O.     Such other and further relief as the Court may deem necessary or appropriate.

6  DATED:  June 21, 2017

                         EVANS LAW FIRM, INC.

7

8                           By:  */s/ Ingrid M. Evans*
                         INGRID M. EVANS (SBN 179094)

9                           3053 Fillmore Street, #236
                         San Francisco, CA 94123

10                           Telephone: 415.441.8669
                         Facsimile: 888.891.4906

11                           E-mail: ingrid@evanslaw.com; michael@evanslaw.com

12                           BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
                         ANDREW S. FRIEDMAN (*pro hac vice*)

13                           FRANCIS J. BALINT, JR. (*pro hac vice*)
                         2325 E. Camelback Road, Suite 300, Phoenix, AZ 85016

14                           Telephone: 602.274.1100
                         Facsimile: 602.274.1199

15                           E-mail: afriedman@bffb.com, fbalint@bffb.com

16                           *Attorneys for Plaintiffs and the Putative Class*

17

18                           **JURY DEMAND**

19      Plaintiffs and the Class hereby demand a trial by jury.

20

21  DATED:  June 21, 2017

                         EVANS LAW FIRM, INC.

22

23                           By:  */s/ Ingrid M. Evans*
                         INGRID M. EVANS (SBN 179094)

24                           3053 Fillmore Street, #236
                         San Francisco, CA 94123

25                           Telephone: 415.441.8669
                         Facsimile: 888.891.4906

26                           E-mail: ingrid@evanslaw.com; michael@evanslaw.com

27

EVANS LAW FIRM, INC.

THIRD AMENDED CLASS ACTION COMPLAINT

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN (*pro hac vice*)
FRANCIS J. BALINT, JR. (*pro hac vice*)
2325 E. Camelback Road, Suite 300, Phoenix, AZ 85016
Telephone: 602.274.1100
Facsimile: 602.274.1199
E-mail: afriedman@bffb.com, fbalint@bffb.com

*Attorneys for Plaintiffs and the Putative Class*

EVANS LAW FIRM, INC.

THIRD AMENDED CLASS ACTION COMPLAINT

# Exhibit 1

100147

# Transaction Confirmation 05/25/2016

RiverSource® RAVA 5 Advantage® Variable Annuity

| | |
|---|---|
| **Owner:** | PAUL M DAVIS REV TR |
| **Annuitant:** | PAUL MARTIN DAVIS |
| **Contract Date:** | 02/10/2014 |
| **Contract Number:** | 7330 |

**Contract Value (after transactions):**
**Contract Type:** NonQualified

RiverSource Life Insurance Company
829 Ameriprise Financial Center
Minneapolis MN 55474
For more information, visit us on-line at riversource.com

**Your Financial Professional**
**Michael H Byard**
CITIGROUP GLOBAL MARKETS INC.
6643 Old Dominion Drive
Mclean VA 22101
**Questions?** Call us at
1.800.333.3437.
Representatives are available
Monday through Friday from 7 a.m.
to 6 p.m., Central time.



**Transaction Amount:**

| Description | # of Units | Unit Value | Amount |
|---|---|---|---|
| COLUMBIA VP - MNGD VOL CONS GR FD CL 2 | | $1.0626 | |
| COLUMBIA VP - MNGD VOL MOD GR FD CL 2 | | $1.0858 | |
| **Total** | | | |

**Withdrawal Detail**

| | |
|---|---|
| Withdrawal Amount: | ($303.99) |
| Surrender Charge: | ($.00) |
| Federal Tax Withholding: | ($.00) |
| State Tax Withholding: | |
| Check Amount: | $0.00 |
| Taxable Amount: | |

## Important Information About Your Contract

This transaction may be taxable or reportable.  If so, a tax statement will be sent to you next January.

State regulations require that we remind you that the release of contract values may affect the guaranteed elements, nonguaranteed elements, face amount, or surrender value of your contract. Taking a withdrawal from your contract decreases your contract value and death benefit.

RiverSource Distributors, Inc. (Distributor), Member FINRA. Insurance and annuity products are issued by RiverSource Life Insurance Company.

This annuity is not a deposit of a bank or financial institution and therefore is not insured or guaranteed by the Federal Deposit Insurance Corporation (FDIC) or any other government agency. An investment in the variable portion of this annuity involves investment risk including the possible loss of principal.

See your prospectus for additional information.

**Questions?** Please review your transaction confirmation carefully. Immediately report any inaccuracies or discrepancies to RiverSource Life Insurance Company at 1.800.333.3437. Representatives are available Monday through Friday from 7 a.m. to 6 p.m., Central time. Any verbal communications regarding inaccuracies or discrepancies should be re-confirmed to us in writing at the address listed above.

© 2014 - 2015 RiverSource Life Insurance Company. All rights reserved.
STM002017730105261602341741V4

**RiverSource**
Annuities

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Third Amended Class Action Complaint was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

Dated:  June 30, 2017          _/s/ Ingrid M. Evans_
                               INGRID M. EVANS